## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN MATTISON,** | : | **Civil Action No. 1:14-CV-02042** |
| | : | |
| **Petitioner** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN E. WETZEL, Acting Secretary,** | : | **THIS IS A CAPITAL CASE** |
| **Pennsylvania Department of Corrections;** | : | |
| **ROBERT GILMORE, Superintendent of the** | : | |
| **State Correctional Institution at Greene;** | : | |
| **and STEVEN GLUNT, Superintendent of** | : | |
| **the State Correctional Institution at Rockview,** | : | |
| | : | |
| **Respondents** | : | |

### MEMORANDUM

Presently before the Court is a motion for leave to proceed in forma pauperis and for

appointment of federal habeas corpus counsel, filed by counsel on behalf of Petitioner Kevin

Mattison.  (Doc. No. 1.)  For the reasons that follow, the motion (Doc. No. 1) will be granted.

### I.      Background

Petitioner is a state prisoner who has been sentenced to death following his 2010

convictions for first degree murder and related charges in the Court of Common Pleas of York

County, Pennsylvania.  On November 21, 2013, the Supreme Court of Pennsylvania affirmed

Petitioner's convictions and death sentence.  Commonwealth v. Mattison, 82 A.3d 386 (Pa.

2013), rearg. denied, No. 622 Cap. App. Dkt. (Pa. Jan. 17, 2014).  Petitioner's timely petition for

writ of certiorari was denied on October 6, 2014.  Mattison v. Pennsylvania, No. 14-5255, 2014

WL 3533702, Order (U.S. Oct. 6, 2014).

For further state court activity, the Court takes judicial notice of Commonwealth v.

Mattison, CP-67-CR-0003162-2009 (York C.P.), found on Pennsylvania's Unified Judicial

System, at http://ujsportal.pacourts.us.  On April 9, 2014, the York County court appointed

counsel to represent Petitioner before the United States Supreme Court, presumably for the filing

of his petition for writ of certiorari.  Id.  After that petition was denied, on October 17, 2014,

Petitioner filed, pro se, a petition for collateral relief under Pennsylvania's Post Conviction

Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541-9546.  The York County court docket does

not indicate that, to date, counsel has been appointed to represent Petitioner in any state post-

conviction proceedings.  However, the Office of the Federal Public Defender for the Middle

District of Pennsylvania's Capital Habeas Unit ("Middle District CHU") and Michael Wiseman,

Esquire, have filed the instant motion seeking appointment of counsel for the filing of a federal

habeas corpus petition.

## II.    Discussion

Petitioner wishes to file a counseled petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254, challenging the constitutionality of his state convictions and sentence.

Consequently, Petitioner is seeking appointment of counsel pursuant to McFarland v. Scott, 512

U.S. 849 (1994) and 18 U.S.C. § 3599(a)(2).  Section 3599 provides, in relevant part,

> In any post conviction proceeding under section 2254 or 2255 of title 28, United
> States Code, seeking to vacate or set aside a death sentence, any defendant who is
> or becomes financially unable to obtain adequate representation or investigative,
> expert, or other reasonably necessary services shall be entitled to the appointment
> of one or more attorneys and the furnishing of such other services in accordance
> with subsections (b) through (f) [(relating to conditions of appointment)].

18 U.S.C. § 3599(a)(2).

In McFarland, the United States Supreme Court construed this statutory right to counsel

to include the right to legal counsel prior to the filing of a formal federal habeas corpus petition

and held that "a 'post conviction proceeding' within the meaning of [§ 3599(a)(2)] is

commenced by the filing of a capital defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding." McFarland, 512 U.S. at 856-57.  Accordingly, once a capital defendant files a motion requesting appointment of counsel, as Petitioner has done in this case, he is granted "a mandatory right to qualified legal counsel." Id. at 854.  This right to counsel "necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." Id. at 858.  The Supreme Court cautioned that "[w]here this opportunity is not afforded, '[a]pproving the execution of a defendant before his [petition] is decided on the merits would clearly be improper.'" Id. (quoting Barefoot v. Estelle, 463 U.S. 880, 889 (1983)).  Here, because the Court concludes that Petitioner is indigent, (see Doc. 3-1, Affidavit in Support of Request to Proceed In Forma Pauperis (Sealed)), and the Middle District CHU has demonstrated that it possesses the special expertise in capital jurisprudence and thereby qualifies for appointment as capital habeas counsel under the standards set forth in 18 U.S.C. § 3599(a)(2), the Court will grant Petitioner's motion for appointment of the Middle District CHU as counsel.

Petitioner also seeks the appointment of Michael Wiseman, Esquire, as second counsel in these habeas proceedings.  (See Doc. No. 1.)  Mr. Wiseman has two decades of experience litigating state and federal capital post-conviction cases.  (See id. at 3 n.2.)  As the Court has already determined that Petitioner is indigent, and upon consideration of Mr. Wiseman's experience and expertise in post-conviction capital matters, pursuant to the Criminal Justice Act and 18 U.S.C. § 3599(a)(2), the Court will appoint Mr. Wiseman as second counsel for purposes of these habeas proceedings.  Importantly, as Petitioner is also represented by the Middle District CHU, which receives a sustaining grant from the Administrative Office of the United States

Courts separate from any compensation provided for by the Criminal Justice Act, the Court expects counsel to proportion expenditures in these habeas proceedings in a prudent and judicious manner.

Finally, Petitioner requests 180 days in order to investigate, research, prepare, and file his federal petition for writ of habeas corpus.  (See Doc. No. 1.)  Accordingly, a scheduling order will accompany this Memorandum.

III.    **Conclusion**

For the foregoing reasons, Petitioner Kevin Mattison's motion for leave to proceed in forma pauperis and for appointment of federal habeas corpus counsel (Doc. No. 1) will be granted.  A scheduling order will also issue.  An appropriate order follows.