IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN MATTISON,** | : | Civil Action No. 1:14-CV-02042 |
| | : | |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | |
| | : | |
| **JOHN E. WETZEL,** Acting Secretary, | : | **THIS IS A CAPITAL CASE** |
| Pennsylvania Department of Corrections; | : | |
| **ROBERT GILMORE,** Superintendent of the | : | |
| State Correctional Institution at Greene; | : | |
| and **STEVEN GLUNT,** Superintendent of | : | |
| the State Correctional Institution at Rockview, | : | |
| | : | |
| Respondents | : | |

## ORDER

**AND NOW**, this 10th day of November, 2014, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. The motion for leave to proceed in forma pauperis (Doc. No. 1) is **GRANTED**. See 28 U.S.C. § 1915(a)(1).

2. The Federal Public Defender Office for the Middle District of Pennsylvania Capital Habeas Unit is **APPOINTED** to represent Petitioner Kevin Mattison in the captioned action. See 18 U.S.C. § 3599(a)(2); see also id. § 3599(a)(2)(c).

3. Michael Wiseman, Esquire, P.O. Box 120, Swarthmore, Pennsylvania, 19081, telephone (215) 450-0903, is **APPOINTED** to represent Petitioner Kevin Mattison for the purposes of the habeas proceedings in the captioned action. See 18 U.S.C. § 3599(a)(2); see also id. § 3599(a)(2)(d).

4. The Clerk of Court shall prepare the appropriate paperwork (CJA 30 Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel) and send it forthwith to Attorney Wiseman, along with a copy of this order.

It is further **ORDERED** that the parties shall comply with the following schedule for the remainder of this proceeding:

FILING OF THE PETITION

1. <u>Habeas Corpus Petition</u>.  Petitioner shall file his petition for a writ of habeas corpus under 28 U.S.C. § 2254 on or before **May 1, 2015**.  Petitioner shall file a supporting memorandum of law no later than sixty (60) days after the date of the filing of the petition.  A courtesy copy shall be submitted to the Court.  Each claim for relief must be numbered separately and must include the following information:

   a)   The specific provision(s) of the United States Constitution upon which petitioner relies as a basis for relief;

   b)   Whether the claim has been exhausted in the state courts, with specific citation to the state court record;

   c)   Whether the claim is procedurally defaulted;

   d)   Whether petitioner seeks an evidentiary hearing regarding the claim and, if so, whether such a hearing is permitted under 28 U.S.C. § 2254(e)(2);

   e)   Whether federal review of the claim is governed by the standard of review in 28 U.S.C. § 2254(d);

   f)   Whether federal review of the claim is barred under the decision of the United States Supreme Court in <u>Teague v. Lane</u>, 489 U.S. 288 (1989); and

   g)   A discussion of the merits of the claim.

2. <u>Answer/Response</u>.  Respondents shall file an answer/response to the petition and memorandum of law within sixty (60) days of service of petitioner's supporting memorandum of law, which shall respond to each claim for relief, using the same claim number and in the same order as each claim raised by petitioner.  A courtesy copy shall be submitted to the Court.  The answer/response shall include the following information:

   a)   Whether the claim has been exhausted in the state courts;

   b)   Whether the claim is procedurally defaulted;

   c)   Whether the claim is barred by the statute of limitations under 28 U.S.C. § 2244(d);

   d)   If petitioner seeks an evidentiary hearing, whether such a hearing is barred under 28 U.S.C. § 2254(e)(2);

   e)   Whether federal review of the claim is governed by the standard of review in 28 U.S.C. § 2254(d);

    f)       Whether federal review of the claim is barred under the decision of the United States Supreme Court in <u>Teague v. Lane</u>, 489 U.S. 288 (1989); and

    g)       A discussion of the merits of the claim.

3.    <u>Reply</u>.  Petitioner may file a reply within twenty-one (21) days of service of respondents' response to the petition.  A courtesy copy shall be submitted to the Court.  The reply should be limited to those issues not previously addressed in the original petition and memorandum of law.

## DEVELOPMENT OF THE RECORD

4.    <u>State Court Record</u>.  Respondents shall file a complete copy of the state court record in this matter, including records pertaining to the pre-trial, trial, appeal, and post-conviction proceedings, on or before the date Petitioner files his petition for writ of habeas corpus under 28 U.S.C. § 2254, or **May 1, 2015**.  A certified copy of the state court docket must be included as well.  **A courtesy copy shall be submitted to the Court**.

5.    <u>Expansion of the Record</u>.  If either party intends to rely on any document(s) which are not part of the state court record, such party must include those documents in a separate appendix.  In addition, that party should address, in its documents filed with the court, why reliance on those documents is proper under 28 U.S.C. § 2254(e)(2) and Rule 7 of the Rules Governing Habeas Corpus Cases Under Section 2254.

6.    <u>Discovery</u>.  Any motion for discovery will be governed by Rule 6 of the Rules Governing Habeas Corpus Cases Under Section 2254.  If Petitioner files a motion for discovery, he must identify the claim on which discovery is sought, indicate whether that claim was exhausted in state court, and explain why prior state proceedings in the case did not adequately develop the information sought.  Petitioner's motion for discovery is due at the same time he files his memorandum of law in support of his petition for writ of habeas corpus.

## STATUS CONFERENCE

7.    <u>Status Conference</u>.  At the Court's discretion, or upon request of the parties, the Court will hold a status conference.  At the conference the parties shall be prepared to discuss the status of any pending state court proceedings and other preliminary matters such as potential motions for dismissal and/or stay and abeyance.

## OTHER MATTERS

8.    <u>Extensions</u>.  Extensions to the dates set forth in this scheduling order will not be

granted, except for good cause shown by the requesting party. Any request for an extension shall be set forth in writing and accompanied by a proposed order.

9. Rules Governing Proceedings. In addition to the requirements set forth in this scheduling order, this proceeding will be governed by 28 U.S.C. § 2254, the Rules Governing Habeas Corpus Cases Under 2254, and the Local Rules of the Middle District of Pennsylvania.

S/ Yvette Kane
YVETTE KANE, District Judge
Middle District of Pennsylvania

Dated: November 10, 2014.