IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN MATTISON, | : | Civil Action No. 1:14-CV-02042 |
| Petitioner | : | (Judge Kane) |
| v. | : | |
| JOHN E. WETZEL, Acting Secretary, | : | THIS IS A CAPITAL CASE |
| Pennsylvania Department of Corrections; | : | |
| ROBERT GILMORE, Superintendent of the | : | |
| State Correctional Institution at Greene; | : | |
| and STEVEN GLUNT, Superintendent of | : | |
| the State Correctional Institution at Rockview, | : | |
| Respondents | : | |

**MEMORANDUM**

Presently before the Court is Petitioner Kevin Mattison's motion to stay these federal proceedings or, in the alternative, to dismiss the case without prejudice, in order to expeditiously exhaust his federal claims for relief in state court. (Doc. No. 22.) In the motion, Petitioner informs the Court that there are numerous unexhausted claims of federal constitutional error that still must be presented to the state courts. For the reasons that follow, the motion to dismiss without prejudice (Doc. No. 22) will be granted and this case will be closed.

**I.   Background**

Petitioner is a state prisoner who has been sentenced to death following his 2010 convictions for first degree murder and related charges in the Court of Common Pleas of York County, Pennsylvania. On November 21, 2013, the Supreme Court of Pennsylvania affirmed Petitioner's convictions and death sentence. Commonwealth v. Mattison, 82 A.3d 386 (Pa. 2013), rearg. denied, No. 622 Cap. App. Dkt. (Pa. Jan. 17, 2014). Petitioner's timely petition for writ of certiorari was denied on October 6, 2014. Mattison v. Pennsylvania, 135 S. Ct. 221

(2014).

On October 23, 2014, Petitioner filed a motion for leave to proceed in forma pauperis and for appointment of federal habeas corpus counsel. (Doc. No. 1.) On November 11, 2014, the Court granted Petitioner's motion and appointed the Federal Public Defender Office for the Middle District of Pennsylvania Capital Habeas Unit to represent Petitioner. (Doc. No. 7.) In the Order granting Petitioner's motion, the Court also directed Respondents to file a complete copy of the state court proceedings and Petitioner to file a petition for writ of habeas corpus on or before May 1, 2015. (See id.)

According to Petitioner, he filed a pro se petition for post-conviction collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546, in the York County Court of Common Pleas on October 17, 2014. (See Doc No. 23.) On October 30, 2014, the York County court appointed Dawn Marie Cutaia, Esquire, to represent Petitioner in his state post-conviction proceedings. (Id.) Further, on January 13, 2015, then-Governor Thomas Corbett signed a warrant scheduling Petitioner's execution for March 12, 2015. (Id.) On February 4, 2015, Petitioner filed an emergency motion for a stay of execution in the York County court. (Id.) On February 12, 2015, the York County court granted the motion, staying Petitioner's execution through the conclusion of all PCRA proceedings. (Id.)

Thereafter, on July 30, 2015, Ms. Cutaia filed a motion to withdraw as counsel for Petitioner. (Id.) The York County court granted the motion on August 14, 2015, terminating Ms. Cutaia and appointing Gerald Lord, Esquire, to represent Petitioner. (Id.) The court also directed Petitioner to file his PCRA petition on or before January 31, 2016. (Id.)

Turning back to the proceedings before this Court, Respondents filed a complete state

court record on September 24, 2015. (Doc. No. 15.) Additionally, Petitioner filed his habeas petition on October 2, 2015. (Doc. No. 20.) However, prior to filing a supporting memorandum of law, Petitioner filed the instant motion for a stay or, in the alternative, for dismissal of the case without prejudice. Respondents do not oppose this motion. (See Doc. No. 26.)

## II.   Discussion

### A.   Statutory Framework

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the very fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

A petitioner filing for relief under the federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), must generally comply with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), before a federal court can consider the merits of his habeas corpus petition. Pursuant to § 2254(b)(1)(A), the petitioner must give the state courts an opportunity to review allegations of error before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (finding that before a federal court can adjudicate claims under habeas corpus, interests of comity and federalism dictate that the state courts must

have the first opportunity to decide a petitioner's claims).

AEDPA also establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 1154(d)(1); Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005). This one-year period runs from the date on which the judgment became final by the conclusion of direct review or when the time for seeking certiorari review expires. 28 U.S.C. § 2244(d)(1)(A); Clay v. United States, 537 U.S. 522, 525 (2003). The one-year limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2); see also Pace v. Diguglielmo, 544 U.S. 408 (2005).

Under Pennsylvania's Post-Conviction Relief Act, a petitioner must file for PCRA relief within one year of the date the judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court and the Pennsylvania Supreme Court, or at the expiration of time for seeking such review. Id. § 9545(b)(3).

### B.     Mattison's Petition

Although courts have routinely entered stays to permit petitioners to exhaust state post-conviction proceedings, the United States Supreme Court has recognized that:

> Stay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] purpose. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Rhines v. Weber, 544 U.S. 269, 277 (2005). Accordingly, stays of federal habeas petitions pending the exhaustion of state remedies are available only where: (1) the petitioner has shown good cause for failing to exhaust his claims first in state court; (2) his unexhausted claims are

potentially meritorious; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 277-78; Heleva v. Brooks, 581 F.3d 187, 190 (3d Cir. 2009).

Unlike Rhines and Heleva, in the case at bar, there is little concern that refusing to grant a stay in this matter will in any way prejudice Petitioner's ability to seek federal habeas relief. The statute of limitations on Petitioner's federal and state post-conviction proceedings began to run on October 6, 2014. On October 17, 2014, Petitioner filed a petition for PCRA relief in the York County Court of Common Pleas. (See Doc. No. 23 at 2-3.) Thus, the filing of Petitioner's PCRA petition tolled the one-year federal limitations period. 28 U.S.C. § 2244(d)(2). Once Petitioner exhausts his claims through the PCRA process, he will have 354 days remaining on his one-year limitations period in which to file a timely federal habeas petition. As a result, Petitioner is now seeking, as an alternative to a stay, dismissal of this case without prejudice in order for him to exhaust his claims in the state courts. In light of the concurrence of Respondents, the Court will grant Petitioner's motion without further discussion. See Briggs v. Wetzel, No. 3:11-CV-02156, 2015 WL 5664965 (M.D. Pa. Sept. 24, 2015) (granting motion to dismiss without prejudice in order to exhaust claims in state court where 87 days remained to timely file federal habeas petition); Parrish v. Wetzel, No. 1:14-CV-00966, 2015 WL 3441965 (M.D. Pa. May 28, 2015) (denying stay of federal proceedings where 262 days remained to timely file federal habeas petition); Chamberlain v. Wetzel, No. 1:12-CV-01271, 2013 WL 6328093 (M.D. Pa. Dec. 5, 2013) (granting motion to dismiss habeas petition without prejudice in order to exhaust claims in state court where 250 days remained to timely file federal habeas petition), Dowling v. Beard, No. 3:06-CV-02085, 2012 WL 6091572 (M.D. Pa. Dec. 7, 2012) (lifting stay of federal proceedings and stay of execution where 252 days remained to timely file

federal habeas petition); Dick v. Wetzel, No. 1:10-CV-00988, 2012 WL 5966538 (M.D. Pa. Nov. 29, 2012) (denying stay of federal proceedings where 286 days remained to timely file federal habeas petition); Frey v. Beard, No. 1:07-CV-00260, 2012 WL 5845548 (M.D. Pa. Nov. 19, 2012) (lifting stay of federal proceedings and stay of execution where 228 days remained to timely file federal habeas petition); Housman v. Wetzel, No. 1:11-CV-0167, 2012 WL 983551 (M.D. Pa. Mar. 22, 2012) (denying stay of federal proceedings and lifting stay of execution where 109 days remained to timely file federal habeas petition); Walter v. Beard, No. 1:09-CV-2465, 2011 WL 5593125 (M.D. Pa. Nov. 17, 2011) (refusing to grant a stay in a capital habeas proceeding when the petitioner would have 256 days to file a timely habeas petition after exhausting her claims in state court); Cummings v. Beard, No. 09-CV-4033, 2011 WL 239794 (E.D. Pa. Jan. 25, 2011) (concluding that where petitioner would have 248 days to file a timely habeas petition, a stay under Rhines or Heleva was not warranted).

### III. Conclusion

Because Petitioner is afforded ample time to return to this Court after he exhausts his state collateral claims, the Court will grant his unopposed motion to dismiss this case without prejudice. A certificate of appealability will be denied.

An Order consistent with this Memorandum follows.